By the Court.—Speir, J.
The only question submitted to the jury by the trial judge, was whether the deed of Houghton to Anthony, dated July 10,1854, was delivered to Anthony before the docketing of the judgment, August 10,1854. It is admitted by the counsel on the argument, that this was the issue to be tried, and the matters in controversy between them here relate exclusively to certain exceptions taken by the plaintiff’s counsel to irrelevant testimony claimed by him to have been admitted by the judge, which may have influenced the verdict of the jury, and to certain statements made in his charge to the jury, and his refusal to charge as requested by the plaintiff’s counsel.
Were the exceptions taken to the ruling of the court admitting evidence offered by the defendant, tending to show that Charles W. Houghton was the party in interest, well taken %
The answer avers “that all of said proceedings on the part of the plaintiff were taken in pursuance of the fraudulent conspiracy, and with the design, intent and understanding, between said Houghton and the plaintiff, to wrongfully deprive the said defendant of the said premises, and that said Houghton was the real assignee in interest of said judgment, and the plaintiff *438 holds the said deed of said premises for said Houghton’s benefit, arid that this action was commenced and is prosecuted for" the immediate benefit of said Houghton.” The issue is here distinctly made that Charles' W. Houghton was the real party in interest, for whose ' benefit the judgment was purchased, and who was seeking to recover the property in the name of the " plaintiff. If the evidence" admitted under- the exception tended to prove defendant’s allegation, as we think it did, it was clearly admissible. The counsel far the plaintiff refers to the decision in 59 N. Y. 411, showing that this issue was not in the case.
I do not so understand the opinion of the learned court, it did not decide that this defense was insufficient as pleaded, but admitted that it was competent" on that issue. It did decide that the case, proved on the former trial, did not establish the defense. The reason given was that "it appeared, as the casé then stood, that. Mrs. Carnes might have an interest, and that interest could not be disposed of without making her heirs parties to the suit. It is difficult to seé how the trial judge could refuse to receive the evidence. After all the evidence was in, and it should then have been found to be insufficient to show that the heirs of Mrs. Carnes had no claim, it would be out of the case.' Moreover, the evidence tended to show that Houghton was a parity to a fraudulent conspiracy ■ to execute against the property a judgment against himself, and that he was a party in interest. He had been called as a witness for the plaintiff, and swore that the deed re- ■ mairied in his possession from the time it was executed until the time it went on record! This testimony was contradicted by another witness, and in direct conflict with other statements made by Houghton. The evi- • dence was material, as affecting his credibility with the jury.
I have examined the numerous requests to charge, - *439 and the decisions and charge of the court, with more than ordinary care, and have come to the conclusion that no injustice has been done in these particulars.
The learned counsel for the appellants insists that several errors were committed by the judge, in his instructions to the jury, and objects to the charge that the date of the deed, by itself, was proof that it was delivered and accepted before the judgment was obtained, and to the charge, which was in effect, that the plaintiff has the affirmative of the issue, and that the jury were to be aided by the probability in determining the fact. It is a familiar principle that the date and possession of a deed by a party claiming under it, is presumptive evidence of its delivery. This the judge charged, and added, that it was not necessary to have a county clerk’s certificate to the deed certifying to the genuineness of the commission, to complete it so as to pass the title, though such -.certificate was necessary for the purpose of having the deed recorded.
This charge met the case made by the witness, Houghton. He claimed that he held possession of the deed up to the time the county clerk’s certificate was obtained, which was evidence of non-delivery at that time. When the deed was put in evidence, the defendant rested, and without objection, thus admitting the presumptive evidence of the date and delivery of the deed, and by proceeding to show affirmatively, the nondelivery. It is plain that the plaintiff had the affirmative of the issue specifically arising out of the proof, on the delivery of the deed, as clearly as he had it on the issue raised by the pleadings.
The instruction giving to the defendant the benefit of any reasonable doubt arising on the evidence, cannot, I think, be considered erroneous, when taken in connection with the whole of the charge. The learned Chief Justice, in (47 N. Y. 282) Caldwell v. New Jer *440 sey Steamboat Company, lays down the rule which I think is applicable here. He says, “An appellate court will not seize hold of isolated portions of a charge for the purpose of discovering error. If the charge as a whole conveys to the jury the correct rule of law, upon a given question, the judgment will not be reversed. If the language used is capable of different constructions, the one will be adopted which will lead to an affirmance of the judgment, unless it fairly appears the jury were, or at least might have been misled.”
The charge, taken as a whole, was in effect that the burden of proof in the case was on the plaintiff, as well as the burden of establishing that the deed was not delivered until after August 10,1854; that the jury must be satisfied that the deed was not delivered until after that date. The court had called the attention of the jury to all the facts and circumstances which appeared in evidence, which had the slightest tendency to throw light on the question of delivery,—that if they believed the testimony of Charles W. Houghton, from the time of the execution of the deed to him and his wife, he held custody of it until September 12, following, the plaintiff was entitled to a verdict. And, on the other hand, if they should come to the conclusion that Houghton delivered the deed to Whitmore, for the use of Anthony, prior to August 10, 1854, intending at the time to part with all control over it, and that it should take effect immediately, and that Whitmore so accepted it, and had power from Anthony so to accept it, the defendant is entitled to a verdict. Then the court say, “The plaintiff has the affirmative of the issue. He is bound to satisfy you, by evidence, that the deed was delivered after August 10, 1854. If upon the whole case you have reasonable doubt upon that point arising, upon the evidence, that doubt enures to the benefit of the defendant, and he is entitled to your *441 verdict.” If the. case was balanced, the jury must have understood that the defendant was entitled to their verdict. This conveyed to the jury the correct rule. If the plaintiff, having the affirmative of the issue as to the delivery of the deed, he must satisfy the jury that he had made out his case. If not so satisfied, he was not entitled to their verdict.
The judgment appealed from must be affirmed with costs.
Sedgwick, J., concurred.